UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>S + R TOWING,<br><br>　　　　　　　　　　Defendant. | Case No.: 22cv1033-LL-BLM<br><br>**ORDER DENYING MOTION TO REOPEN CASE [ECF No. 11];**<br><br>**ORDER DENYING PLAINTIFF'S INFORMATIONAL MOTION [ECF No. 18];**<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR JUDICIAL NOTICE [ECF No. 19];**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO ELECTRONIC FILING PERMISSION [ECF No. 20]** |

　　　　This matter is before the Court on Plaintiff Jerome L. Grimes' "Motion Request to Reopen Case," filed on March 13, 2023. ECF No. 11. Plaintiff is proceeding pro se. *Id.* On February 16, 2023, the Court ordered Plaintiff to show cause, in writing, by March 2, 2023 why this action should not be dismissed for lack of subject matter jurisdiction because

Plaintiff had not pleaded a federal claim or basis for this Court to exercise diversity jurisdiction. ECF No. 9. Plaintiff failed to timely respond to the Court's February 16, 2023 order, and this action was dismissed sua sponte without prejudice for lack of subject matter jurisdiction on March 3, 2023. ECF No. 10. Plaintiff now requests to reopen this case, stating that he never received the order to show cause. ECF No. 11. Also before the Court are Plaintiff's Informational Motion (ECF No. 18), Plaintiff's Request for Judicial Notice (ECF No. 19), and Plaintiff's Motion for Leave [for] Electronic Filing Permission (ECF No. 20). For the reasons stated herein, all four Motions are **DENIED**.

## I. LEGAL STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move to have the court amend its judgment within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation and quotation marks omitted). As such a Rule 59(e) motion generally should not be granted absent highly unusual circumstances, *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999), such as an intervening change in controlling law, the availability of newly discovered or previously unavailable evidence, or the need to correct a clear error or prevent a manifest injustice. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam).[1] A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing 11 C. Wright

---

[1] Additionally, the Civil Local Rules provide that any party moving for reconsideration "present to the judge . . . an affidavit . . . setting forth . . . what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." S.D. Cal. CivLR 7.1.i.1.

& A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell*, 197 F.3d at 1255 n.1 (internal citation omitted).

## II. ANALYSIS

### A. **Plaintiff's Motion to Reopen the Case (ECF No. 11)**

Plaintiff states in his Motion to Reopen the Case that there are "extenuating circumstances" in this case because Plaintiff "'never received' the order to Show Cause due to Mail Tampering." ECF No. 11 at 2. Plaintiff further states that "the Anytime Mailbox' inter-state enablers federal actors disguised as U.S. District Court Clerks for the Southern District of California, San Diego Division, who refused the in pro se, Plaintiff's ECF Filing Documents and Deliberate Indifferently committed a federal crime of economic espionage in the commission of Crude Oil Inheritance Funds Grand Theft…" *Id*. at 3.

Plaintiff's Motion does not argue that there has been an intervening change in the law or that there is new evidence. Plaintiff thus appears to argue that the Court should amend its judgment to correct clear error or prevent manifest injustice. *Allstate Ins. Co.*, 634 F.3d at 1111. Plaintiff fails to offer any explanation or facts to support that he never received the Court's Order to Show Cause. At best, Plaintiff recites a series of addresses to support Plaintiff's conclusory allegation that he did not receive the Court's Order. For example, the Motion states:

> Plaintiff 'never received' the order to show cause due to mail tampering (i.e., covert intimidation of Legal Mail in the commission of Crude Oil Inheritance used by Anytime Mailbox Service Provider: USA Location: 1467 Siskiyou Blvd., Ashland, Oregon 97520 (i.e., aka: Singapore-Lemamo Pte Ltd., 10 Collyer Quay, Level 40, Singapore 049315 (i.e., Philippines-Bugo Corp., 32nd St., Suite 26-122, Taguig City, 1634 Metro Manila, Philippines)(i.e., USA-Bugo LLC, 2831 St. Rose Pkwy, Suite 278, Henderson NV 89052) as 'seed capital to illegally fund their business doing business as: Anytime Mailbox Services, discovered through In Pro Se, Independent Investigation that the Illegal Mail Tampering was Perpetrated with Malice by International Covert Terror Network Non-Believers….

3

22cv1033-LL-BLM

ECF No. 11 at 2. Even construing the pleadings liberally in light of Plaintiff's pro se status, Plaintiff has failed to articulate facts to support that reopening this case is necessary to prevent manifest injustice. The Court concludes that Plaintiff has failed to carry his burden of showing manifest injustice or any other basis for reconsideration under Rule 59(e). Accordingly, the Court **DENIES** Plaintiff's Motion to Reopen the Case (ECF No. 11).

### B. Plaintiff's Informational Motion (ECF No. 18)

On June 6, 2023, Plaintiff filed an "Informational Motion" in which he "reaffirms his In Pro Se Request for this Case to be Reopened due to unforeseen circumstances . . . which prevented the Plaintiff from receiving the judicial notices for compliance purposes illegally inducing dismissal of this herein civil complaint mentioned above...." ECF No. 18 at 3. Plaintiff also contends that "[i]n pro se filers' pleadings are to be construed liberally because they are not represented by an attorney[], discovered through In Pro Se, Independent Investigation." *Id.* The Court construes this Motion as duplicative of Plaintiff's first Motion to Reopen the Case as it requests the same relief and presents no new facts. Accordingly, for the reasons set forth above, Plaintiff's Informational Motion is also **DENIED**.

### C. Plaintiff's Request for Judicial Notice (ECF No. 19)

On August 28, 2023, Plaintiff filed a Request for Judicial Notice. ECF No. 19. In this request, it appears that Plaintiff is asking the Court to take judicial notice of documents on the docket (e.g., ECF No. 11, 12, 17). *Id.* at 2-3. As these documents are already part of the docket in this action, this request for judicial notice is unnecessary and is **DENIED AS MOOT**.

### D. Plaintiff's Motion for Leave for Electronic Filing Permission (ECF No. 20)

Plaintiff also submitted a request to utilize the court's e-filing services. ECF No. 20. Section 2(b) of the CM/ECF Administrative Policies and Procedures Manual provides an exception for pro se litigants to obtain access to file documents electronically. Office of

Clerk, United States District Court for the Southern District of California, Electronic Case Filing Administrative Policies and Procedures Manual, § 2(b) (2023). Under Section 2(b), a pro se litigant must seek leave of Court to demonstrate they possess the necessary "equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual" before the Court will consider the appropriateness of granting electronic filing access to the pro se litigant. *Id.* at 5. Having determined Plaintiff's case should not be reopened, it is unwarranted to give Plaintiff authority to electronically file documents at this time. Accordingly, Plaintiff's Motion for Leave for Electronic Filing Permission is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Reopen this case, filed on March 13, 2023, is **DENIED**;

(2) Plaintiff's Informational Motion, which is duplicative of Plaintiff's Motion to Reopen the Case, filed on June 6, 2023, is **DENIED**;

(3) Plaintiff's Request for Judicial Notice, filed on August 28, 2023, is **DENIED AS MOOT**; and

(4) Plaintiff's Motion for Leave for Electronic Filing Permission, filed on August 31, 2023, is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 18, 2023

Honorable Linda Lopez
United States District Judge